# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MCGINNIS, | 1:12-cv-01300-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | Doc. 1 |
| S. TALLERICO, et al., | FIFTEEN DAY DEADLINE |
| Defendants. / | |

**I.   Factual and Procedural Background**

Raymond McGinnis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 9, 2012, Plaintiff filed a complaint. Doc. 1. Plaintiff has also filed an identical complaint against the same defendants in *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT, which was dismissed on July 19, 2012, for failure to exhaust administrative remedies. In *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT, the magistrate judge issued findings and recommendations to grant the defendants' motion to dismiss and the district judge adopted the findings and recommendations which found that Plaintiff failed to exhaust administrative remedies at the final level due to Plaintiff's failure to follow administrative procedures. *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT (Doc. 50; Doc. 53). Plaintiff failed to file any objections. Rather than file a timely appeal, less than a month after his case was dismissed, Plaintiff chose to re-file the action. Doc. 1.

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2. Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8.

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting

*Booth*, 532 U.S. at 739 n.5).

  **A.**  **Analysis**

  It appears that without having done anything to exhaust administrative remedies between the dismissal of Plaintiff's prior case and initiating this current case, Plaintiff has chose to simply re-file the case. This is not an instance where exhaustion occurred during the pendency of the prior suit. Rather, the court in *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT determined that Plaintiff failed to follow the required procedures to exhaust. Unless Plaintiff can present facts that are different from those presented in *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT to demonstrate that exhaustion has occurred, this action should be dismissed.

**III.**  **Conclusion and Order**

  Based on the foregoing, the Court HEREBY ORDERS: Within thirty fifteen (15) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE as to why the action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:  November 6, 2012                       
                   UNITED STATES MAGISTRATE JUDGE