# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MCGINNIS, | 1:12-cv-01300-GBC (PC) |
| Plaintiff, | ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT |
| v. | Doc. 7 |
| S. TALLERICO, et al., | |
| Defendants. / | |

## I.   Factual and Procedural Background

Raymond McGinnis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 9, 2012, Plaintiff filed a complaint. Doc. 1. Plaintiff has also filed an identical complaint against the same defendants in *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT, which was dismissed on July 19, 2012, for failure to exhaust administrative remedies. In *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT, the magistrate judge issued findings and recommendations to grant the defendants' motion to dismiss and the district judge adopted the findings and recommendations which found that Plaintiff failed to exhaust administrative remedies at the final level due to Plaintiff's failure to follow administrative procedures. *McGinnis v. Atkinson, et al.*, No. 1:11-cv-01337-LJO-JLT (Doc. 50; Doc. 53). Plaintiff failed to file any objections. Rather than file a timely appeal, less than a month after his case was dismissed, Plaintiff chose to re-file the action. Doc. 1. On November 7, 2012, the Court issued an order to show cause as to why this action should

not be dismissed for failure to exhaust administrative remedies. Doc. 6. On November 20, 2012, Plaintiff filed a motion to amend his complaint and submitted an amended complaint. Doc. 7; Doc. 8.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

In addition, Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citations omitted). Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Although in the original complaint, Plaintiff stated that he did not exhaust administrative remedies (Doc. 1 at 2), the amended complaint states that he has exhausted administrative remedies. *Compare* Doc. 1 at 2 *with* Doc. 8 at 2. The Court warns Plaintiff that this amended complaint will not meet Plaintiff's obligation to file an explanation or argument in response to the Court's order to show cause issued on November 7, 2012.

Further, the Court warns that from the amended complaint, it appears that Plaintiff is intentionally misrepresenting to the Court that he has exhausted where circumstances have not changed from a previous court's determination in *McGinnis v. Atkinson, et al.*, No.

1:11-cv-01337-LJO-JLT that he has not exhausted administrative remedies. Rule 11(b) (3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3).

A plaintiff's misrepresentation interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings and threatens to interfere with rightful decision of case); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Plaintiff's misrepresentation in his amended complaint regarding exhaustion appears to be willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend, filed on November 20, 2012, is GRANTED. (Doc. 7).

IT IS SO ORDERED.

Dated:   November 21, 2012

UNITED STATES MAGISTRATE JUDGE